**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENDALL KELLY<br>210 W. Crystal Lake Avenue, Apt. 252B<br>Haddonfield, NJ 08033<br><br>Plaintiff,<br><br>v.<br><br>SOAR CORP<br>9150 Marshall Street<br>Pavilion UL, 2nd Floor<br>Philadelphia, PA 19114<br><br>Defendant. | CIVIL ACTION<br><br>No.:<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Kendall Kelly ("Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by SOAR Corp ( "Defendant") of the Americans with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101, *et seq.*), the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. §§ 951 *et seq.*), and the Philadelphia Fair Practices Ordinance ("PFPO" - Philadelphia Code §§ 9-1101 *et seq.*). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

2. Defendant hired Plaintiff and within three (3) days violated the ADA by demanding information about Plaintiff's disabilities and then terminated her under demonstrably false circumstances, lambasting her for not disclosing her disabilities before she was hired.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state and municipal law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

6. Plaintiff is proceeding herein (in part) under the ADA, after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue from the EEOC.

7. Plaintiff also administratively exhausted her PHRA claim with the Pennsylvania Human Relations Commission ("PHRC") and her PFPO claim with the Philadelphia Commission on Human Relations ("PCHR"), which were dual filed with the EEOC more than one year ago.

## PARTIES

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is an adult individual, with an address as set forth in the caption.

10. Defendant is a Pennsylvania business corporation with a principal place of business as set forth in the caption.

11. Defendant operates for-profit outpatient addiction treatment centers in Philadelphia, Delaware, and Bucks counties in Pennsylvania.

12. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Defendant hired Plaintiff on or about September 16, 2025, and employed her as an Intake Coordinator at Defendant's outpatient recovery center located at 9150 Marshall Street Pavilion UL, 2nd Floor, Philadelphia, PA 19114 until unlawfully terminating her just three (3) days later on or about September 19, 2025.

15. Plaintiff did not receive disciplinary warnings or complaints about her performance but instead was complimented on how quickly she was learning and picking up on her job duties.

16. Plaintiff has a history of substance use disorder for which she is undergoing rehabilitation and receiving a legally prescribed methadone treatment. At all times relevant herein,

Plaintiff was not engaging in the illegal use of drugs and was taking methadone pursuant to medically supervised treatment.

17. As a result of these aforementioned serious medical conditions/disabilities, Plaintiff is, at times, substantially limited in major life activities such as managing interpersonal relationships and caring for herself, among other things.

18. Despite her disability, Plaintiff was able to perform the essential functions of her position. The only accommodation Plaintiff required was that Defendant permit her to continue taking her legally prescribed methadone in accordance with her medically supervised treatment program.

19. On or about September 19, 2025, Plaintiff was repeatedly asked by Defendant's management, including, but not limited to, Doctor Galinda Kshik ("Dr. Kshik"), if she was "in recovery" and if she was on a "medicated maintenance program."

20. In response to Dr. Kshik's inquiries about her recovery status, Plaintiff explained that she was recovering from addiction, did not use illegal drugs, and was participating in a medication-assisted treatment program.

21. Following Plaintiff's disclosure of her disabilities, Dr. Kshik told Plaintiff that she should be "open" with Defendant's Program Director, Karen (Last Name Unknown – "Karen"), about her recovery and ended the conversation.

22. Approximately ninety (90) minutes later, Karen (along with Defendant's Nursing Director) summoned Plaintiff to Defendant's office building (which was next door to the recovery center). Karen then directed Plaintiff to submit to a urinalysis drug screening.

23. Plaintiff's job duties did not involve dispensing, administering, or handling controlled substances and Plaintiff did not exhibit signs of impairment during her employment with Defendant.

24. However, Plaintiff immediately complied with this directive and took the drug screen, though she was troubled by the sudden nature of the directive (not to mention it was not related to her job functions in any way).

25. Later that same day (on or about September 19, 2025), Karen again summoned Plaintiff to the office building and told Plaintiff that the urinalysis was positive for methadone.

26. Plaintiff explained to Karen that she was recovering from drug addiction, did not use illegal drugs, and was participating in a medication-assisted treatment program.

27. Plaintiff made clear to Defendant that her use of methadone was part of her ongoing, medically supervised treatment and that she needed to continue such treatment. Plaintiff's continued use of her prescribed medication did not interfere with her ability to perform the essential functions of her position.

28. Karen became visibly upset and demanded to know why Plaintiff had not disclosed her disability and treatment during her interview – clearly indicating that Plaintiff never would have been hired had she disclosed her aforementioned disabilities.

29. Karen then further interrogated Plaintiff as to the status of her recovery and treatment, her dose, and other personal medical information unrelated to Plaintiff's ability to perform the essential functions of her position.

30. Plaintiff objected to Defendant's inquiries concerning her disability and medical treatment, explaining that she did not believe Defendant had the right to subject her to such

questioning or to require disclosure of her legally prescribed medication as a condition of her employment. Karen then asked Plaintiff what her and Dr. Kshik had discussed.

31. In response, Plaintiff explained that she discussed a personal matter with Dr. Kshik.

32. Finally, Karen terminated Plaintiff's employment under the false and pretextual justification that Plaintiff had "solicited" methadone from Dr. Kshik. Plaintiff unequivocally denied this accusation and, in fact, had never solicited methadone from Dr. Kshik.

33. Defendant did not provide Plaintiff with a meaningful opportunity to establish the legitimacy of her methadone treatment before terminating her.

34. Additionally, Defendant did not identify any applicable drug policy of Defendant's that Plaintiff had violated.

35. Plaintiff also requested written confirmation of her termination and the purported justification. Karen provided Plaintiff with a letter indicating only that she was terminated for "unprofessional conduct." When Plaintiff asked that the termination letter be more specific about the reason for her termination, Karen refused.

36. It was clear to Plaintiff that Karen did not want to put her false accusation that Plaintiff solicited methadone from Dr. Kshik in writing.

37. Plaintiff therefore believes and avers that her actual/perceived/record of disability was a motivating and/or determinative factor in Defendant's decision to terminate her employment.

38. Plaintiff also believes and avers that Defendant terminated her because she requested reasonable accommodations and/or because she objected to discriminatory employment practices.

39. Lastly, Plaintiff believes and avers that Defendant refused to, or would not, accommodate her by allowing her to take her prescribed medication (a very reasonable accommodation).

**COUNT I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate; and [4] Prohibited Disability-Related Inquiries)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff suffers from qualifying disabilities under the ADA which affect her ability (at times) to perform some major life activities.

42. Alternatively, Defendant regarded Plaintiff as having a physical or mental impairment based upon her history of substance use disorder, her participation in a rehabilitation program, and her use of legally prescribed methadone.

43. Despite Plaintiff's aforementioned disabilities and limitations, she was still able to perform the duties of her job well with Defendant; however, she did require reasonable medical accommodations as discussed *supra*.

44. Defendant violated 42 U.S.C. § 12112(d)(4)(A) by demanding to know Plaintiff's disability status, including without limitation her: addiction recovery status; participation in a medication-assisted treatment program; prescription medication use; medication dosage; and other details of her medical treatment with no legitimate or job-related need. Defendant's inquiries into the nature and severity of Plaintiff's impairment and the details of her medical treatment were neither job-related nor consistent with business necessity.

45. Upon learning of Plaintiff's disabilities, Defendant discriminated against Plaintiff because of her disabilities by requiring her to take a drug screen and questioning her about her recovery status and prescription medication usage.

46. Upon learning of Plaintiff's history of substance use disorder and participation in a medication-assisted treatment program, Defendant singled Plaintiff out for drug testing and subjected her to further disability-related inquiries concerning her recovery status, prescription medication use, and medical treatment.

47. Defendant's management completely failed to accommodate Plaintiff's disabilities and retaliated against her by terminating her employment within hours of learning about her disabilities and need to take a legally prescribed medication.

48. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's unlawful disability-related inquiries and its attempt to require disclosure of her legally prescribed medication as a condition of her employment. Defendant terminated Plaintiff's employment shortly after she engaged in such protected activity.

49. Plaintiff therefore believes and therefore avers that: (1) her disabilities and/or requests for accommodations were a motivating and/or determinative factor in Defendant's decision to terminate her employment; (2) she was terminated in retaliation for engaging in protected activity under the ADA; (3) Defendant failed to engage in the interactive process in good faith; and (4) Defendant refused to accommodate her.

**COUNT II**
**Violations of the PHRA**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff re-asserts and alleges each and every allegation as set forth in COUNT I of the instant Civil Action Complaint, as such actions constitute violations of the PHRA.

**COUNT III**
**Violations of the PFPO**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff re-asserts and alleges each and every allegation as set forth in COUNT I of the instant Civil Action Complaint, as such actions constitute violations of the PFPO.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay, and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to reinstatement, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for it willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com

Dated: November 19, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kendall Kelly | : | CIVIL ACTION |
| v. | : | |
| Soar Corp | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 11/19/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:______________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

KELLY, KENDALL

**(b)** County of Residence of First Listed Plaintiff: Camden

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

SOAR CORP

County of Residence of First Listed Defendant: Philadelphia

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: ADA (42USC12101)

Brief description of cause: Violations of the ADA, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 11/19/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______